

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Abul Hosn ,Refaat , F.

## Plaintiff (s )

- VS -

Case:2.16-cv-11651
Judge: Edmunds, Nancy G.
MJ: Patti, Anthony P.
Filed: 05-03-2016 At 12:15 PM
CMP Refaat F. Abul Hosn v U.S. Government, et al (LG)

. U.S. Government  ,to include :-
  a.  Secretary of Defense Mr. Colin Powell
  b.  Department of Defense " D.O D" &
      Coalition Provisional Authority "C.P.A. "a division of  D.O.D.
  c.  L. Paul Bremer III & the Coalition Provisional Authority
                    Jointly & Severally

## Defendant (s) _____ /

## COMPLAINENT

1.  **Defendant(s)** . Print the full name for each defendant . If there are more defendants ,use additional pages to provide their names .

. U. S. Government  ,to include :-
  a. Secretary of Defense Mr. Colin Powell
  b. Department of Defense " D.O D" &
      Coalition Provisional Authority "C.P.A. "a divisionof  D.O.D.
  c. L. Paul Bremer III Director , Administrator  of the Coalition Provisional Authority

1

II. <u>Statement  of claim</u> .   Briefly state the facts of your case . Describe how each defendant is
involved ,and exactly  each defendant did , or failed to do . Include names  of any other
persons involved ,dates ,and places .you may use additional paper if necessary

----------------------------

1-   That Jan 3rd 2004 ,a contract has been signed between the  Plaintiff and the
Defendants, Dr. Ibrahim  Al Jaafari the ,President of the supreme Hajj
Committee  ,Member of the Iraq Governing Council      " I.G.V." one term
President from Aug 1st 2003- aug 31st ,2003,
2- That I.G.V. 25  Members was the provisional Government of Iraq from July
13th,2003-Jun 1st,2004 .

3- That The I.G.V., Appointed  by Mr. L. Paul Bremer III, Director Administrator
of the Coalition Provisional  Authority " C.P.A. "

4- That The C.P.A. was created  and funded  a  division  of the  U. S. Department
of Defense " D.O.D." responsible for administrating ,operating various
Government  Ministries in Iraq.

5- That Mr. L. Paul Bremer  III ,Individually and in his own official capacity  the
Presidential  Envoy , Director ,Administrator to the  C.P.A.  ( May 11th ,2003 -
Jun 28th,2004)

6- That Mr. L.Bremer III, report directly to the Secretary  of Defense, Jointly &
severally ,control and orders ,

7- That Mr. L. Bremer, formed the IRAQ  Governing Council  "I.G.C "( Jul 13th,
2003- Jun 1st,2004  appointed its 25 members

8- That the I.G.C.  is subordinate to C.P,A .

9- That Dr. Ibrahim Al Jaabari  the president of the supreme Hajj Committee,
Member of The I.G.V. ( president from Aug  1st,2003'- Aug.31st,2003 )   who

2

signed the Breached Contract  Date Jan 3rd,2004   ,as First Party with the Plaintiff As Second Party .

10-That the C.P.A., was established by  and served under the United States -led Coalition Provisional Authority  ( C.P.A. ) to provide  advice  and leadership  of the country ( Apr.2003-june 1st, 2004) .

11- That Coalition Provisional Authority  , an Entity and a division of the Iraq Ministry of Defense "D.O.D", was also responsible for  administrating  the Development Funds  for Iraq  during the year following the invasion .

12- That the  Administration ,Mistakes, within the invasion of Iraq as Mr. Colin Powell Admitted and resigned Dated Nov 15th,2004,  harmed ,destructed, Damaged , pain  for the society  of Iraq  including the business men like me .

Defendants :

13- U.S.Government  ,to include :-
H.E.  Colin Powell,The Secretary of Defense , ( JAN 20TH,2001-26TH,2005) Resigned  Nov 15th,2004,after he was convinced that the invasion of Iraq was a Mistake   ,Head of The Department of Defense ,
14-CPA, a division of the D.O.D in
15- That Mr L. Paul Bremer III  the  director  administrator of the C.P.A. Report directly to the Secretary of Defense
16-That  Mr. Powell , strategically a planner from 1987- Jan 21st,2005 active in sanctions ,Siege, Invasion   of Iraq , Admitting his Mistakes on that Invasion;  he resigned as a secretary of Defense ,Nov 15th,2004
17-That Mr. L. Paul Bremer III, Administrator of the C.P.A. responsible of not fulfilling financial commitment as stated in the contract item 13.
18- That Transferring the contract to other companies  ,without  any valid reason . wrong doing  ,

3

**III.  Briefly state exactly what you want the court to do for you :**

Where The Plaintiff  requests the Court  enters Judgment in his favor and against The Defendants for compensatory  Damages in an amount  U.S. $$ 30 Million  this ( to include  Paragraph  12 of the contract U.S. $$ 24.12 Million "3 times the value of the contract " )  That is sufficient  to compensate the Plaintiff for actual Consequential and incidental losses  include loss of profits ,sustain  a results of defendants, wrongful actions plus  interest, cost and reasonable attorney fee ,tortuous  interference ,loosing opportunities  to extend in Business .

IV. Additional Information. – Briefly enter any additional information , you may **use additional paper**

** Time Limitation according to the   Iraqi law article  429 ,is  15 year  Contract limitation till Jan 3rd,2019

    ** IRAQ COURT REFERING TO ARTILE 168, HAS NO JERISDICTION  TO ISSUE A  JUDGEMENT ,    WHEN A FOREIGN OCUPATION IN IRAQ... REFERING TO U.S. INVASION.  IT IS USED AGAINEST THE PLAINTIFF,

** IS NOT ENOUGH FOR AN  ADMINISTRATOR S  TO ADMITT , THE MISTAKES , THEY SHOULD PAY FOR THEIR MISTAKES, ESPECIALLY  WHEN THEIR Mistakes ,harmful to humanity and society ,Happened

** THE  U.S. GOVERNMENT OF Jan 20th,  2001- Jan 21st,2005 ADMITTED THEIR FAULT IN the  INVASION of Iraq ,

4

**Mr. Pawell  ,resigned his post Date Nov 15th,2004 after admitting their fault of his strategy and plan for the invasion**

V.   Demand for a Jury . Check this box if you want your to be decided by a jury , of a judge.

**Plaintiff Demands  a  jury trial on all Issue**

**Date : April 20th, 2016**                                        _____

                                                                **Plaintiff 's Signature**

                            **Plaitiff's Name :**        **Abul Hosn ,Refaat, F.**

                             **Street Address :**         **1500 w Fort St.**

                            **City, State , Zip Code: Detroit ,MI,48216**

                            **Tel .Number**              **None**

                             **E-Mail**                 **ref2708@yahoo.com**

5

# INDEX

### INDEX

| Document  No. | Document Name | Copies |
|---|---|---|
| 1 | CHECK LIST | 1 |
| 2 | CIVIL COVER SHEET | 2 |
| 2, ii | COMPLAINTS | 5 |
| 2, III | COMPLAINT ,COMMON ALLEGATION | 5 |
| 3 | APPLICATION TO PROCEED IN DISTRICT WITHOUT PREPAYING FEES OR COST | 2 |
| 4 | CONTRACT, & ARABIC COPY | |
| 4, i | LETTER OF GUARANTEE  & AEABIC  COPY | 1 |
| 4,ii | LETTER OF INTRODUCTION TO SAUDI ARABIA  MINISTER OF THE HAJJ | 1 |
| 4, iii | LETTER OF INTRODUCTION TO MINISTER OF FOREIGN AFFAIR IN KUWAUT | |
| 5 | PLAINTIFF LAWSUIT AGAINST  DEFENDENTS # 183 /B/ 2005 | 1 |
| 6 | FEDERAL COURT OF CASSATION , BLAME ON FOREUGN OCCUPATION " U.S. INVASION  " # 231/336/2012 | |
| 7 | SUMMON IN CIVIL ACTION, | 4 |
| 8 | COMPLAINT | 4 |
| 9 | PURSUANT TO LOCAL RULE 83-11 | 1 |
| 10 | PRO SE  ELECTRONICAL APPLICATION | 1 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Rifaat Abul Hosn &**
**CIF international**
**1500 W. Fort ST.**
**Detroit , MI 48216**

**Plaintiff**

CIVIL No. :_____

Judge    :_____

-vs-

1- **US Government,**
   i- **Colin Powell, Capacity as Secretary of Defense ,**
      **the Head of the Department of Defense " D. O. D. "**
   ii- **L. Paul Bremer III Capacity as the Director**
      **Administrator of Entity of and**
      **The Coalition provisional Authority (( CPA))**
      *((the regulations and orders of 100-2003 the CPA,*
      *signed by The Director and Administrator*
      *of Mr L. Poul Bremer II ,Ref to Attachments))*
         **Jointly & Severally**
         _____ **Defendants**

**BREACH CONTRACT**

_____

**Pro se**

_____

**COMPLAINT**
**COMMON ALLEGATION**

**NOW COME  the Plaintiff and for their complaint against the Defendants,**
**state as follows :**
**1. That the plaintiff is an American Citizen owner of CIF international, Indiana**
**also based in Detroit**
**Point of the lawsuit:-**

1

2. That the Plaintiff on the date of Jan 3ʳᵈ, 2004 as a Second Party Signed a contract with Supreme Hajj Commettee ,Dr. Ibrahim Al Jaaferi as the President and First Party , President of the Supreme Commission for Hajj ( formed by the IGC # 122 dated 12/2003 )

3. That IGC " Iraqi Governing Council " was the Provisional Government of Iraq from July 13ᵗʰ,2003- June 1,2004 .It was established by and served under the United States –Led Coalition Provisional Authority ( CPA ) Mr. Paul Bremer as a Director and the Administrator reporting to the Secretary of Defense H.E. Collin Powel and the President of the United States George W. Bush .

4. The IGC consist of 25Members Dr. I. Al Jaafari as a Member

5. The Presidency of IGC rotates Monthly Between 9 members of the members out of Dr, I . Al Jaafari served as president Aug 1ˢᵗ,2003- Aug 31ˢᵗ, 2003

NOTE : (( *commissions authorities Councils under the authority and administration of CPA (ref Orders Rules Regulation of CPA ,relevant U.N. council resolutions , including Resolution 1483 (2003 ) and the laws and usages of war ))*

6. The Contract consist to transport of 30000 Iraqi pilgrims From Baghdad or Kuwait to Jeddah or Al Madina by aircrafts . the above mentioned contract and the letter of commitments signed between the parties " a copy was given to Mr. Jim Filtman the American representative for the CPA

7. The Plaintiff Fulfilled all necessary requirements and under the terms of the contract to prepare aircrafts and booking, and all means , proves and the required certificates, was ready to start this operation (( All supportive Documents to submit upon request. ))

8. The Defendants did not fulfill their obligations as stated in the contract Article ( 13 ) or comply with the terms of the contract, on the contrary .

9. The Defendants:- CPA Administration and director with their assigned Groups, The supreme commission for the Hajj , IGC used the following agents & companies to transfer the contract to who are paid through the American Government "CPA" .
a) Mr. Stewart wheeler Managing Director of Air Charter International, Jabal Ali , UAE

2

b) Mr Nigel Moore

c) Agent for Saudi Arabia is UNASCO rower General Manager

d) Companies :-

*Pegasu, Istanbul     *Eagle, Paris France     *MNG ,Turkey     *Fly Jet ,UK

10. Plaintiff operating aircrafts arrival ETA 14:30 G-TTMC / G-SWJW , was granted clearance for landing in Kuwait on Jan 17th,2004 by DGCA/ Kuwait under ZCZC 167 161433JAN04 CPA contacted Kuwait DCA to cancel the Landing permit *(( FF OKAAYAYX 142038 EGSSYEYO ((ref to ATC cancellation in Kuwait ))*

11. Plaintiff Chartering the B 747 dated jan 16th,2004 from Al Attar group , ( *confirmation agreement 16/1/2004* )

12. Plaintiff was informed by MS Vicky Wayne CPA Tel 1 9148227190 and Dr. Mohammad Hmoudy Ministry of foreign Affairs 19143604133 that I have nothing to do with the contract *( ref to E Mail Date Jan 17th,2004 )* **

13. The Defendant Mr L. Paul Bremer III, as Administrator and Director of the CPA *May of 2003- June of 2004 (ref To regulations (ref to CPA /reg/May 16th,2003/01*

14. That although the plaintiff had a valid and binding contract as described and were willing capable of performing said contract and in fact undertaken activities requirements indicated in the contract as CIF :-

14a.That the Contract Stating CIF international _ Iraq *(( Ref to contract))*
    a- the Plaintiff but not limited has to signing purchase contract with Kuwait Airways to buy 2 Boeing 747-200 with the Spare parts book value of 13 million Dinar Kuwaiti around 40 million Dollar *" ref to purchase contract "* **
    b- That a Part of the Spare Parts was to repair the A/Cs of Iraqi Airways *((ref to Iraq Airways Aircrafts List List ))*

15. Upon the request of The Minister of Transport Mr. Issam Ibrahim Ismaeel for the plaintiff to cooperate with the civil aviation and Iraqi Airways

15a. That the Administraters and the Plaintiff were happy to plan for the repair of their B 747-200 using a lot of the spares above and run the routs of Iraqi Airways

15 b. That the Iraq Airways Crew also to be Hired and operate the Kuwait Airways 2 747-200 who was planned to purchased from Kuwait Airways ((

3

Ref. to Airaqi Airways Crew list and Administrators, Technical Director Report
))

16. Plaintiff  arranged for an Inspection Team from Iraq Airways to arrive to
Kuwait and inspect all documents of A/Cs ,agreeing of the A/Cs and Spare
Parts (( ref to Report and Report of the Director of Maintenance in Iraqi Air-
ways )) **

17. Regarding the operation of the transport of the pilgrims arranged the fol-
lowing A/C s Contracts
B 747-200   1
A 300 s      2

18.That  the Defendants  transfered the contract signed with the plaintiff to
other agents and Companies Mentioned above without any valid reason.

19. That the CPA & the Iraq supreme commission added 3 million Dollars ex-
tra paid by the CPA ,United States as it handle the Oil Financial side . Trans-
ferring the contract to the above mention  party at higher prices without ref-
erence to the plaintiff and for damages caused to him in of material ,moral
,confidence for future  projects results of his commitment which foreign air-
lines and charters:-

20. That the contract was an extension for Negotiation and later purchase
order for 2 B 747 -200 and big quantity of B  747 -200 Spare parts to  use also
to repair the Iraqi Airways 3 B 747-200 and operate the Routes of Iraqi Air-
ways also helping in employing their grounded pilots for years  due to the
situation in that time .

21. That the supported documents Contract with Kuwait Airways the contin
ue , forced to finalize and sign that contract

22. That the List of crew to Employ

23.That the Letter of the Minister of transport to the DCA of Iraq to co oper-
ate with CIF

24.That the Report of the Technical Director after visiting Kuwait for the in-
spection of the Aircrafts Documents  accepting the A/C s

25.That the CIF-Iraq Clearly mentioned in the contract for the co operation

4

26.That  CIF forced to look for finance in other areas .

27.That if the contract was executed the profit out of it will be enough to schedule finance .

## <u>COUNT ONE - BREACH OF CONTRACT</u>

28.That the Plaintiffs repeat all prior allegations and further allege asfollows:

29.That although the plaintiffs had a duly valid and binding contract as described above and were willing and capable of performing said contract and in fact had undertaken activities including but not limited to the purchase of airplanes and other equipment, the Defendants breached the contract with the Plaintiffs by failing to pay for the services.

30. That prior to their breach of contract, the Defendants had given the Plaintiffs continued assurances that the contract was going forward and the Plaintiffs detrimentally relied on said assurances by purchasing equipment and entering into contracts with third parties necessary to fully perform the underlying contract

31. That the breach of said contract by the Defendants has caused significant and substantial damages to the Plaintiffs.

32. That as head of the coalition provisional Authority, the Defendant L. Paul Bremer, III was responsible for actions of his employees, agents and assigns and is also liable to the Plaintiffs for damages incurred and described above.

33. That the Secretary of Defense Head of Department of Defense

34. That  the C.P.A.is the Division of the D.O.D. , financed established ,Formed by the Director, Administrator , of The C.P.A., L. Paul Bremer  III ,

35.  That the Director ,Administrator  L.Paul Bremer III , report directly to the Secretary of defense .
WHEREFORE Plaintiffs request that this court enter judgment in their favor and against Defendants for compensatory damages in an amount in excess of $ 30 Million Dollars that is to compensate Plaintiffs for their actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendants' wrongful actions, plus interest, costs, and reasonable attorney fees.

36. That at all times relevant to this claim, the Plaintiffs were dealing with Iraqi authorities in entering into said agreement as described above with the full knowledge and consent of the Defendants Coalition provisional Authority and L. Paul Bremer, III, and the assigned employees.

37. That for reasons unknown to the plaintiffs, inexplicably and without cause, the Defendants Coalition Provisional Authority and L. Paul Bremer, III and/or his employees, agents or assigns used political influence and without any valid reason the contract was transferred to above mentioned Group , terminate the contract the Plaintiff signed with the the Iraq High Supreme commission dated Jan 3rd , 2004 .

38. That the Defendants knew of the contract and business relationships and expectancies between Plaintiffs and the Iraqi officials.

39. That by Their conduct the Defendants intended to, and did, interfere with the contracts and business relationships and expectancies, causing the breach of Contract, disruption, and termination.

40. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the world business community, and loss of business opportunities.

41. That at all times relevant to this claim, the Plaintiffs were dealing with Iraqi authorities in entering into said agreement as described above with the full knowledge and consent of the Defendants Coalition provisional Authority and L. Paul Bremer, III, who ratified the conduct of said Iraqi officials.

42. That for reasons unknown to the plaintiffs, inexplicably and without cause, the Defendants Coalition Provisional Authority and L. Paul Bremer, III and/or his employees, agents or assigns used political influence and coercion over the Iraqi officials that the Plaintiffs were dealing with and with whom they had a valid contract, forcing said Iraqi officials to unilaterally terminate the contract.

43. That the contract the Plaintiffs held with certain high ranking Iraqi officials also created business relationships and expectancies which had a reasonable likelihood of future economic benefit for Plaintiffs.

44. That the Defendants knew of the contract and business relationships and expectancies between Plaintiffs and the Iraqi officials.

45. That by its conduct the Defendants intentionally and improperly interfered with the contracts and business relationships and expectancy between Plaintiffs and the Iraqi officials.

46. That by its conduct, the Defendants intended to, and did, interfere with the contracts and business relationships and expectancies, causing their breach, disruption, or termination.

47. That as a direct and proximate result of Defendants' wrongful Conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputation, loss of Esteem and standing in the world business community, and loss of business opportunities

48. Calculation of Damages : The Expert in Iraq assigned by the court gave us only $ 985000 only Pure Damages ((Ref. to Expert report tp Iraq court  Number 300/S 2/ 2006 supported 2010 /8/23 93371 5/9/2010 )) remedy that is most often used for a breach of contract is the remedy of damages -- payment in one form or another, made by the breaching party to the non-breaching party. Punitive damages.  above and beyond the point that would fully compensate the non-breaching party.  Punitive damages are meant to punish a wrongful party for particularly wrongful acts , also Nominal damages ,Liquidated damages.

49. That the contract item 12  specify damage of 3 times the value of the contact  in case of a contract breach which is 24.12 Million Dollar  (( Average Ticket Price $$ 268 x 3= 8040000 x3= 24120000Dollars))

50. That "Restitution" as a contract remedy ,that the non-breaching party is put back in the position it was in prior to the breach, while "cancellation" of the contract voids the contract and relieves all parties of any added to the wages of airports used by aircraft, insurance, staff and others and given the lack of commitment by the defendant of the terms of the contract and its provisions and on consultation with my client, if necessary, to arbitration( Ref to the letter of Dr . Al Jaafari ).

51. This Lawsuit was submitted in Baghdad the verdict was that the  Iraq was under the administration of the CPA and no faulty part  in Iraq      the item

7

168 of the Iraqi Law indicate that ( Ref to the last court decision and item 168 of the Iraq  Law Attached )

52.That the expiry date on this contract according to  Iraq Civil Law 15 years article 429

WHEREFORE Plaintiffs request that this court enter judgment in their fa-vor and against Defendants for compensatory damages in an amount in ex-cess of $ 30 Million Dollars this to(( include article 12 of the contract which is $$ 24.12 Million Dollars))  that is sufficient to compensate Plaintiffs for their actual, consequential, and incidental losses, including lost profits, sus-tained as a resu1 t of Defendants' wrongful actions, plus interest, costs, and reasonable attorney fees

## COUNT II

53.TORTIOUS INTERFERENCE WITH A CONTRACT OR ADVANTAGEOUS BUSI-NESS  :RELATIONSHIP OR EXPECTANCYPlaintiffs repeat all prior allegations and further allege as follows:

54.That the Plaintiff appreciating the  Patience , time spent and the under-standing from the Honorable Judge and the Court

Date : Apr. 20th,2016

|                    |                        |
|--------------------|------------------------|
|                    | Plaintiff 's Signature |
| Plaitiff's Name :  | Abul Hosn ,Refaat, F.  |
| Street Address :   | 1500 w Fort St.        |
| City, State , Zip Code: | Detroit ,MI,48216 |
| Tel .Number :      | None                   |
| E-Mail :           | ref2708@yahoo.com      |

8

**Supporting Documents**

1 -  a) Contract b) Letter of Guarantee  c) Letters of Introduction

2 – a)Regulations and b) orders of CPA 100-2003

3-  a) Plaintiff A/C s Charters Agreement b) Schedule of Departures  c) Insurance  d) introductions

4-  a) catering and b) Handling Agreement  c) Payments

5-  a)Kuwait Airways Contract b) Spare Parts List

6-  The Minister of Transport Mr Issam Ismaeel forwarding letter for DCA of Iraq for Co operation

7- Iraqi Airways Technical report on the Kuwait Airways B 747 -200 Aircrafts intended to Buy

8- a) List of Iraq Airways Aircrafts for Repair b) List Of Iraqi Airways Crew to be Employed with CIF

9-  a) Clearance for the Landing of First Plaintiff Aircraft to start Hajj operation date of Jan 17th ,2004

10 a) Cancellation of the arrival of the landing Clearance without Calling or Contacting the Plaintiff

10  Copy on the Iraq Artile 429 " validity of Contract

11  a)Copy of the Lawsuit in Iraq   b)Court Decision   c) Article 168 of the Iraq Law

   d) Prove of Supreme Haj Committee e) Transfer of Authority  f) Dr Al Jaafari authorization of signing the contrat

12  a) Blame on the American article 168 of the Iraq law , b) determining  the opponent party .

13   The opponent party are the CPA and not Dr Al Jaafari , the Supreme Haj Commotion.

9

Iraq republic

The high commission for Hajj

Date 1424 AH \ 2003 AD

Contract for the transfer of Iraqi pilgrims in 1424 AH

First Party: High Commission for the pilgrimage in Iraq for the year 1424 AH.

Second Party: Company "Iraqia" and the company CIF INTERNATIONAL solo and society.

The two parties agreed on the following:

First: the Second Party transport Iraqi pilgrims from the International People's Stadium in the city of Baghdad to Baghdad International Airport and then to airports in Jeddah or Medina. Or from Kuwait International Airport to airports in Jeddah or Medina. According to schedules set by the first party.

Second: The First Party undertakes to pay the amount (287 $) and two hundred eighty-seven U.S. dollars from Baghdad to Jeddah or Medina back and forth and the amount (249 $) and two hundred forty-nine U.S. dollars from Kuwait airport to airport in Jeddah or Medina back and forth for each pilgrim transported under this contract in accordance with the timetable established by first party.

Third, the second party would transport pilgrims from the International People's Stadium to Baghdad International Airport and vice versa by modern and comfortable buses, according to the timetable established by the first party.

Fourth: The Second Party undertakes to provide the alternative of buses at bus failure state during transportation from the international court people to Baghdad International Airport and vice versa, and at his own expense. And when the lack of providing buses on time the first party would provide the required bus at the expense of the second party with the addition (50%) of those expenses.

Fifth: The first Party by appointed specialists would examine buses mentioned in item (iii) above for the technical aspects of security and in places determined in advance.

---

جمهورية العراق

الهيئة العليا للحج

التاريخ 1424 هجري \ 2003 ميلادي

عقد نقل الحجاج العراقيين للعام 1424 هجري

الطرف الأول : الهيئة العليا للحج في العراق للعام 1424 الهجري.

الطرف الثاني : شركة "العراقية" و شركة CIF INTERNATIONAL منفردا و مجتمعا.

اتفق الطرفان على ما يأتي:

أولا: يقوم الطرف الثاني بنقل الحجاج العراقيين من ملعب الشعب الدولي في مدينة بغداد الى مطار بغداد الدولي ثم الى مطاري جدة او المدينة المنورة . او من مطار الكويت الدولي الى مطاري جدة او المدينة المنورة. وفق الجداول التي يضعها الطرف الأول.

ثانيا: يلتزم الطرف الأول بدفع مبلغ (287$) مائتان و سبع و ثمانون دولار امريكي من بغداد الى جدة او المدينة المنورة ذهابا و ايابا و مبلغ (249$) مائتان و تسع و اربعون دولار امريكي من مطار الكويت الى مطار جدة او المدينة المنورة ذهابا و ايابا عن كل حاج يتم نقله بموجب هذا العقد وفق الجدول الزمني الذي يضعه الطرف الاول.

ثالثا: يقوم الطرف الثاني بنقل الحجاج من ملعب الشعب الدولي الى مطار بغداد الدولي و بالعكس بواسطة حافلات نقل حديثة و مريحة و حسب الجدول الزمني الذي يضعه الطرف الاول.

رابعا: يتعهد الطرف الثاني بتوفير البديل من الحافلات عند عطل اية حافلة خلال عملية النقل من ملعب الشعب الدولي الى مطار بغداد الدولي و بالعكس و على حسابه الخاص. و عند عدم توفير الحافلات في الوقت المحدد يقوم الطرف الاول بتوفير الحافلات المطلوبة على نفقة الطرف الثاني مع اضافة (50%) من تلك النفقات.

خامسا: يقوم الطرف الاول بواسطة من يعينهم من المختصين بفحص الحافلات المذكورة في البند (ثالثا) اعلاه من النواحي الفنية و الامنية و في الاماكن التي يحددها مسبقا.

سادسا: يلتزم الطرف الثاني لاغراض هذا العقد بتوفير طائرات حديثة تتوفر فيها كافة الشروط الفنية و الصحية و الامنية المقررة دوليا و بطاقم تتوفر فيه الشروط المقررة دوليا و مزود بالشهادات الاصولية.

سابعا: يقدم الطرف الثاني وجبة طعام خفيفة (SNACK) على الطائرة لكل حاج ذهابا و ايابا تتوفر فيها الشروط الاسلامية.

ثامنا: يتعهد الطرف الثاني بالقيام بكافة الاجراءات الخاصة بجوازات السفر و الامتعة في ملعب الشعب الدولي و في المطارات دون معوقات.

تاسعا: يحق لكل حاج نقل ثلاثين كيلو غراما في شحن الطائرة و عشرة كيلوغرامات محمولة معه ذهابا و ايابا.

عاشرا: يقدم الطرف الاول ضمانة مصرفية الى الطرف الثاني مقدارها قيمة العقد صادرة عن مصرف معترف به دوليا.

حادي عشر: تكون كافة نفقات تشغيل و تسيير الطائرات على الطرف الثاني و يشمل ذلك رسوم المطارات و الطيران و الوقود و الادامة و الادوات الاحتياطية في العراق و المملكة العربية

1

Sixth: The Second Party shall for the purposes of this contract to provide modern aircraft are available in which all the technical conditions and health and security internationally recognized and crew meets the conditions set up an international provider of diplomas and fundamentalism.

Seventh: The Second Party shall provide a light meal (SNACK) on the plane for each pilgrim back and forth conditions are Islamic.

Eighth: The second party undertakes to carry out all the procedures for passports and luggage in the court of the people and the international airport unhindered.

Ninth: Every pilgrim is allowed for thirty kg in aircraft cargo and ten portable Kg back and forth.

Tenth: the first Party shall provide a bank guarantee to the second party for the amount of the contract value issued by the Bank recognized internationally.

Eleventh: all of the expenses of the operation and management of aircraft on the second party and include airport charges and aviation fuel and MRO and spare parts in Iraq and Saudi Arabia.

Twelfth: when the failure of the second party to provide the required aircraft according to schedule determined by the first party is committed to providing the aircraft during a maximum period of 24 hours, and the opposite otherwise the amount shall bear a fine three times the cost of processing aircraft except in the case of necessary security and safety of the aircraft and its passengers and crew planned internationally.

Thirteenth: the first party pay to second party (20%) of the amount mentioned in item (ii) above at the signing of this contract and (30%) at the start and transport (30%) at the start and return (20%) at the end of the transfer process.

Fourteenth: transport starts from Baghdad and Kuwait on 15 \ 1 \ 2004

Fifteenth: when a dispute on the application of this contract will be the Iraqi judiciary is competent to resolve the dispute.

السعودية .

ثاني عشر: عند عدم قيام الطرف الثاني بتوفير الطائرات المطلوبة وفق الجدول الذي يحدده الطرف الاول يلتزم بتوفير تلك الطائرات خلال مدة اقصاها 24 ساعة و بعكسه يتحمل غرامة نقدية مقدارها ثلاثة اضعاف كلفة تجهيز الطائرات الا في حالة الضرورة الامنية و سلامة الطائرة و ركابها و طاقمها المقررة دوليا.

ثالث عشر: يدفع الطرف الاول الى الطرف الثاني (20%) من المبلغ المذكور في البند (ثانيا) اعلاه عند التوقيع على هذا العقد و (30%) عند البدء بالنقل و (30%) عند البدء بالعودة و (20%) عند انتهاء عملية النقل.

رابع عشر: يبدأ النقل من بغداد و الكويت يوم 1\1\15\2004

خامس عشر: عند الاختلاف على تطبيق هذا العقد يكون القضاء العراقي هو المختص لحسم الخلاف.

سادس عشر: يكون هذا العقد نافذ المفعول عند التوقيع عليه.

كتب في بغداد بنسختين في اليوم الثالث من شهر كانون الثاني من عام 2004 الميلادي الموافق الحادي عشر من شهر ذي القعدة من عام 1424 الهجري.

الطرف الثاني رفعت ابو الحسن

الطرف الاول د. ابراهيم عبد الكريم الاشيقر الجعفري

رئيس الهيئة العليا للحج

عضو هيئة رئاسة مجلس الحكم الانتقالي

Sixteenth: This contract is effective upon
signature.
Written in Baghdad in two copies on the third
day of the month of January of the year 2004 AD,
corresponding to atheist tenth month of
November than in 1424 AH.
The second party Refat the Abu al-Hosn
First party d. Ibrahim Abdul-Karim al-Jaafari Acikr
Chairman of the Supreme Hajj
Member of the Presidency of the Governing
Council

العدد :       /

التاريخ :    /1424هـ

الهيئة العليا للحج        "ولله على الناس حج البيت من استطاع اليه سبيلا "

/2003م



## عقد نقل الحجاج العراقيين

## للعام 1424 الهجري

**الطرف الاول:** الهيئة العليا للحج في العراق للعام 1424 الهجري.

**الطرف الثاني:** شركة " العراقية " وشركة CIF International  منفردا ومجتمعا .

## أتفق الطرفان على ما يأتي:

*اولا:*  يقوم الطرف الثاني بنقل الحجاج العراقيين من ملعب الشعب الدولي في مدينة بغداد الى مطار بغداد الدولي ثم الى مطاري جدة او المدينة المنورة. او من مطار الكويت الدولي الى مطاري جدة او المدينة المنورة. وفق الجداول التي يضعها الطرف الاول .

*ثانيا:* يلتزم الطرف الاول بدفع مبلغ (287$) مائتان وسبع وثمانون دولار امريكي من بغداد الى جدة او المدينة المنورة ذهاباً و أياباً ,ومبلغ (249 $) مائتان وتسع واربعون دولاراً امريكي من مطار الكويت الى مطار جدة او المدينة المنورة ذهابا وايابا عن كل حاج يتم نقله بموجب هذا العقد وفق الجدول الزمني الذي يضعه الطرف الاول .

*ثالثا:* يقوم الطرف الثاني بنقل الحجاج من ملعب الشعب الدولي الى مطار بغداد الدولي وبالعكس بواسطة حافلات نقل حديثة ومريحة وحسب الجداول التي يضعها الطرف الاول .

*رابعا:* يتعهد الطرف الثاني بتوفير البديل من الحافلات عند عطل اية حافلة خلال عملية النقل من ملعب الشعب الدولي الى مطار بغداد الدولي وبالعكس وعلى حسابه الخاص . وعند عدم توفير الحافلات في الوقت المحدد يقوم الطرف الاول بتوفير الحافلات المطلوبة على نفقة الطرف الثاني

**خامسا:** يقوم الطرف الاول بواسطة من يعينهم من المختصين بفحص الحافلات المذكورة في البند (ثالثا) اعلاه من النواحي الفنية والامنية وفي الاماكن التي يحددها مسبقا .

**سادسا:** يلتزم الطرف الثاني لأغراض هذا العقد بتوفير طائرات حديثة تتوفر فيها كافة الشروط الفنية والصحية والامنية المقررة دوليا وبطاقم تتوفر فيه الشروط المقررة دوليا ومزود بالشهادات الاصولية.

**سابعا:** يقدم الطرف الثاني وجبة طعام خفيفة( Snack)على الطائرة لكل حاج ذهابا وايابا تتوفر فيها الشروط الاسلامية .

**ثامنا:** يتعهد الطرف الثاني بالقيام بكافة الاجراءات الخاصة بجوازات السفر والامتعة في ملعب الشعب الدولي وفي المطارات دون معوقات .

**تاسعا:** يحق لكل حاج نقل ثلاثين كيلو غراما في شحن الطائرة وعشرة كيلو غرامات محمولة معه ذهابا وايابا.

**عاشرا:** يقدم الطرف الاول ضمانة مصرفية الى الطرف الثاني مقدارها قيمة العقد صادرة عن مصرف معترف به دوليا .

**حادي عشر :** تكون كافة نفقات تشغيل وتسيير الطائرات على الطرف الثاني ويشمل ذلك رسوم المطارات والطيران والوقود والادامة والادوات الاحتياطية في العراق والمملكة العربية السعودية .

**ثاني عشر:** عند عدم قيام الطرف الثاني بتوفير الطائرات المطلوبة وفق الجدول الذي يحدده الطرف الاول يلتزم بتوفير تلك الطائرات خلال مدة اقصاها 24 ساعة وبعكسه يتحمل غرامة نقدية مقدارها ثلاثة اضعاف كلفة تجهيز الطائرات الا في حالة الضرورة الامنية وسلامة الطائرة وركابها وطاقمه المقررة دوليا.

**ثالث عشر:** يدفع الطرف الاول الى الطرف الثاني (20%) من المبلغ المذكور في البند (ثانيا) اعلاه عند التوقيع على هذا العقد و(30%) عند البدء بالنقل و(30%) عند البدء بالعودة و(20%) عند انتهاء عملية النقل .

**رابع عشر  :** يبدأ النقل من بغداد والكويت يوم 2004/1/15

الخلاف .

<u>***سادس عشر :***</u> يكون هذا العقد نافذ المفعول عند التوقيع عليه .


كتب في بغداد بنسختين في اليوم الثالث من شهر كانون الثاني من عام 2004 ميلادي الموافق الحادي عشر من شهر ذي القعدة من عام 1424 الهجري .


**الطرف الثاني**                                                                       **الطرف الاول**

رفعت أبو الحسن                                         د. إبراهيم عبد الكريم الاشيقر الجعفري

رئيس الهيئة العليا للحج

Republic of Iraq
Supreme Commission for Hajj
Date \ 1424 AH \ 2003 AD
Subject \ letter of undertaking
Decided to Supreme Commission for Hajj
Indiana CIF selection of a company to
transport thirty thousand (30000) from the
Iraqi pilgrims for this year. Iraqi company
will begin the transfer of twenty thousand
(20,000) of pilgrims from Kuwait
International Airport on 15 \ January \ 2004
to Jeddah International Airport. Iraq will
begin the transfer of ten thousand (10000)
of pilgrims from Baghdad International
Airport on 15 \ January \ 2004.
Mr. Rifaat Abu Hassan is the representative
of company "Iraq," consistent with Indiana
CIF.
And that the supreme body of the Hajj,
"Iraq Governing Council" undertake to
open a bank letter of credit (credit of
Letter) and states that the letter of Credit
will be paid twentieth Bamih (20%) during
the week of the signing of the contract
between the High Authority for the Hajj and
the Iraqi company. And will be paid thirty
percent (30%) at the start of travel of
pilgrims from Kuwait International
Airport. And will be paid thirty percent
(30%) when the return of pilgrims from
Jeddah International Airport and twenty
percent (20%) at the end of the return last
convoy of pilgrims from Jeddah airport,
and provides a letter of bank credit to the
paragraph Sentinel (clause Red) and also
be converted (Transferable) and non-
refundable (Irrevocable) and is subject to
division (Dividable).
Dr. Ibrahim Abdul-Karim al-Jaafari Acikr
Chairman of the Supreme Hajj
Member of the Presidency of the
Governing Council

Copy them to
Mr. Jim Hafman
D. Mohammed al-Haj Hammoud.

جمهورية العراق
الهيئة العليا للحج
التاريخ \ 1424 هجري \ 2003 ميلادي
الموضوع \ رسالة تعهد
قررت الهيئة العليا للحج اختيار شركة CIF Indiana
لنقل ثلاثين الف (30000) من الحجاج العراقيين لهذا
العام. ستبدأ شركة العراقية بنقل عشرين الف (20000)
من الحجاج من مطار الكويت الدولي يوم 15\ كانون
الثاني \ 2004 الى مطار جدة الدولي. وستبدأ العراقية
بنقل عشرة آلاف (10000) من الحجاج من مطار بغداد
الدولي يوم 15\ كانون الثاني \ 2004.
السيد رفعت أبو الحسن هو الممثل لشركة " العراقية"
المتفقة مع شركة CIF Indiana.
وان الهيئة العليا للحج " مجلس حكم العراق" تتعهد بفتح
خطاب ائتمان مصرفي ( Letter credit of ) و ينص
خطاب الإئتمان على ان يتم دفع عشرين بامنة (20%)
خلال اسبوع من توقيع العقد بين الهيئة العليا للحج و
شركة العراقية. و يتم دفع ثلاثين بالمنة (30%) عند بدء
سفر الحجاج من مطار الكويت الدولي . و يتم دفع ثلاثين
بالمنة (30%) عند   بدء رجوع الحجاج من مطار جدة
الدولي و عشرين بالمنة (20%) عند انتهاء رجوع آخر
قافلة للحجاج من مطار جدة, و ينص خطاب الائتمان
المصرفي على الفقرة الاذارية ( clause Red ) و
ايضا يتم تحويله ( Transferable ) و غير قابل للرد
( Irrevocable ) وقابل للتقسيم ( Dividable ).
الدكتور ابراهيم عبد الكريم الاشيقر الجعفري
رئيس الهيئة العليا للحج
عضو هيئة رئاسة مجلس الحكم الانتقالي

نسخًةمنها الى
السيد جيم هيفمان
د. محمد الحاج حمود.

1



جمهورية العراق

الهيئة العليا للحج

"ولله على الناس حج البيت من استطاع اليه سبيلا"

العدد:

التاريخ:    /   /1424هـ
          /   /2003م

## الموضوع/ رسالة تعهد

ت الهيئة العليا للحج اختيار شركة  CIF Indiana لنقل ثلاثين الــف (30000) مـــن الحجـــاج
اقيين لهذا العام . ستبدأ شركة " العراقية " بنقل عشرين الف (20000 ) من الحجاج مـــن مطــار
يت الدولي يوم 15/كانون الثاني /2004 الى مطار جدة الدولي . وستبدأ " العراقية " بنقل عشـرة
ـ (10000) من الحجاج من مطار بغداد الدولي يوم 15/كانون الثاني/2004 .

د رفعت ابو الحسن هو الممثل لشركة " العراقية " المتفقة مع شركة CIF Indiana .

ـ الهيئة العليا للحج " مجلس الحكم في العراق " تتعهد بفتح خطاب ائتمـــان مصـــرفي Letter of)
Cred) وينص خطاب الائتمان على ان يتم دفع عشرين بالمئة (20 %) خلال اسبوع من توقيع العقد
الهيئة العليا للحج و شركة " العراقية  "  . ويتم دفع ثلاثين بالمئة (30%) عند بدء سفر الحجاج من
ار الكويت الدولي . . ويتم دفع ثلاثين بالمئة (30 %) عند بدء رجوع الحجاج من مطار جدة الـــدولي
ثرين بالمئة (20%) عند انتهاء رجوع.اخر قافلة للحجاج من مطار جدة. وينص خطـــاب الائتمـــان
ـمرفي على الفقرة الانذارية( Red Clause ) وايضا يتم تحويله( Transferable ) وغير قابـــل
ـ (Irrevocable) وقابل للتقسيم ( Dividable ).

الدكتور إبراهيم عبد الكريم الاشيقر الجعفري

رئيس الهيئة العليا للحج

عضو هيئة رئاسة مجلس الحكم الانتقالي

نسخة منه الى /

- السيد جيم هيفمان .

- د. محمد الحاج حمود .

- ...

**Republic of Iraq**
**Supreme Commission for Hajj**
**Date 15 \ 11 \ 1424 7 \ 1 \ 2004 AD**
**In the name of God the Merciful**
**His Excellency Brother Iyad Amin**
**Madani, Minister of Pilgrimage in**
**the Kingdom of Saudi Arabia.**
**I guide my best regards and I am**
**pleased to inform Your Excellency**
**that ten thousand of Iraqi pilgrims**
**arrive in Jeddah by the Baghdad**
**International Airport and for ten**
**days, and will arrive in the Kingdom**
**of Saudi Arabia through Kuwait**
**International Airport twenty**
**thousand Iraqi pilgrims, and that**
**the company carrying the pilgrims**
**referred to of the above company**
**(CIF) I hope the Iraqi holy brother of**
**His Excellency to intervene to**
**secure and facilitate its mission.**
**And His Excellency please accept**
**my deep appreciation and highest**
**consideration.**
**Dr. Ibrahim Abdul-Karim al-Jaafari**
**Acikr**
**Member of the Presidency of the**
**Governing Council**
**Chairman of the Supreme Hajj**

جمهورية العراق

الهيئة العليا للحج

التاريخ 15 \11\ 1424 هجري 7\1\2004
ميلادي

بسم الله الرحمن الرحيم

صاحب المعالي الاخ أياد أمين مدني  وزير
الحج في المملكة العربية السعودية  الشقيقة.

أهديكم أطيب تحياتي و يسعدني أن أعلم معاليكم
أن عشرة آلف من الحجاج العراقيين سيصلون
الى جدة عن طريق مطار بغداد الدولي و لمدة
عشرة أيام , كما سيصل الى المملكة العربية
السعودية الشقيقة عن طريق مطار الكويت
الدولي عشرون الف حاج عراقي و ان الشركة
الناقلة للحجاج المشار اليها أنفا من شركة
(CIF) العراقية أرجو من معالي الاخ الكريم
التدخل لتأمين و تسهيل مهمتها. و  تفضلوا
صاحب المعالي بقبول بالغ تقديري و اسمى
اعتباري.

الدكتور ابراهيم عبد الكريم الاشيقر الجعفري

عضو  هيئة رئاسة مجلس الحكم الانتقالي

رئيس الهيئة العليا للحج



جمهورية العراق

هيئة العليا للحج    "ولله على الناس حج البيت من استطاع اليه سبيلا"

العدد:

التاريخ: ١٥ / ١١ /١٤٢٤

٢٠٠٤/١/٧م

بسم الله الرحمن الرحيم

⬤ صاحب المعالي الاخ أياد أمين مدني وزير الحج في المملكة العربية السعودية الشقيقة.

اهديكم أطيب تحياتي وبسعني أن اعلم معاليكم أن عشرة الاف من الحجاج العراقين سيصلون الى جدة عن طريق مطار بغداد الدولي ولمدة عشرة ايام، كما سيصل الى المملكة العربية السعودية الشقيقة عن طريق المنفذ الحدودي (عرعر) ثلاثة الاف وخمسمائة حاج عراقي وكذلك سيصل المملكة العربية السعودية الشقيقة عن طريق مطار الكويت الدولي عشرون الف حاج عراقي وان الشركة الناقلة للحجاج المشار اليهم انفأ من شركة (CIF) العراقية أرجو من معالي الاخ الكريم اتتدخل لتأمين وتسهيل مهمتها.وتفضلوا صاحب المعالي بقبول بالغ تقديري وأسمى اعتزازي .

⬤

الدكتور ابراهيم الاشيقر الجعفري
عضو الهيئة الرئاسية لمجلس الحكم

**Republic of Iraq**
**Supreme Commission for Hajj**
**Date 15 \ 11 \ 1424 7 \ 1 \ 2004 AD**
**In the name of God the Merciful**
**Brother of His Highness Sheikh Dr.**
**Mohammad Al-Sabah, Minister of**
**Foreign Affairs of the brotherly**
**State of Kuwait**
**I guide my best regards and I am**
**pleased to inform Your Excellency**
**that Mr. Muthanna Abdul-Hamid**
**and Mr. Laith Hammoudi Khalid**
**Ibrahim old will travel to the**
**brotherly State of Kuwait to**
**facilitate and organize flights (CIF)**
**will be transferred to Iraqi Iraqi**
**pilgrims this year. I ask His**
**Excellency to intervene to secure**
**the visa granted to the brotherly**
**State of Kuwait and to provide the**
**necessary facilities for their**
**missions. And please accept my**
**deep appreciation and highest**
**consideration.**
**Dr. Ibrahim Abdul-Karim al-Jaafari**
**Acikr**

**Member of the Presidency of the**
**Governing Council**

**Chairman of the Supreme Hajj**

جمهورية العراق

الهيئة العليا للحج

التاريخ 15 \11\ 1424 هجري 7\1\2004
ميلادي

بسم الله الرحمن الرحيم

سمو الشيخ الاخ الدكتور محمد الصباح وزير
خارجية دولة الكويت الشقيق

أهديكم أطيب تحياتي و يسعدني أن أعلم معاليكم
ان السيد مثنى عبد الحميد حمودي و السيد ليث
خالد ابراهيم العمر سيتوجهان الى دولة الكويت
الشقيق لتسهيل و تنظيم رحلات طيران ( CIF
) العراقية التي ستنقل الحجاج العراقيين هذا
العام. ارجو من صاحب المعالي التدخل لتامين
منحهم سمة الدخول الى دولة الكويت الشقيق و
تقديم التسهيلات اللازمة لمهمتيهما. و تفضلوا
بقبول بالغ تقديري واسمى اعتباري.

الدكتور ابراهيم عبد الكريم الاشيقر الجعفري

عضو هيئة رئاسة مجلس الحكم الانتقالي

رئيس الهيئة العليا للحج

Court of Cassation

Lawyer

Ahmad and hip Razzouqi

Case No. 184 \ b \ 2005

Mr. the judge of first instance Court of Aazamiya Esquire

Prosecutor:  Rifaat Abul Hosn director of CIF International  \ and his attorney, Ahmad Wahib Razzouqi.

The defendant:

 1 - Council of Ministers - Chairman of the Supreme Commission for Hajj for the Hijri year 1424  in addition to its function.

2 - head of the Sunni Endowment in addition to its function.

3 - Chairman of the Shiite Endowment addition to function.

<u>The third person: Managing Director of the Coalition Provisional Authority in addition to its function.</u>

Point of the lawsuit:

Previously, our clients that contract with the President of the Supreme Commission for Hajj in the 11 \ Dhul \ 1424 corresponding to 3 \ 1 \ 2004 transfer of Iraqi pilgrims to the Holy Mosque aircraft flown a total of thirty thousand Iraqi pilgrims  under the contract signed between the parties and a pledge.

Our client has to create all necessary requirements and under the terms of the contract to create aircraft and booking, and all means and archives and the required certificates to the Chairman of the Hajj to pay 20% of the amount due upon signing the contract

---

المحامي

أحمد وهيب رزوقي

رقم الدعوى 184\ب\2005

السيد قاضي محكمة بداءة الأعظمية المحترم

المدعي : رفعت أبو الحسن مدير شركة سي أي أف انترنشنال \ و كيله المحامي أحمد وهيب رزوقي.

المدعى عليه:

1 — مجلس الوزراء — رئيس الهيئة العليا للحجة للعام الهجري 1424 إضافة لوظيفته.

2 — رئيس ديوان الوقف السني إضافة لوظيفته.

3 — رئيس ديوان الوقف الشيعي إضافة لوظيقته.

الشخص الثالث: المدير الإداري لسلطة الإئتلاف المؤقتة إضافة لوظيفته.

جهة الدعوى:

سبق لموكلنا ان تعاقد مع السيد رئيس الهيئة العليا للحج في 11\ذي القعدة\ 1424 هجري الموافق 3\1\2004 بنقل الحجاج العراقيين الى بيت الله الحرام بالطائرات جوا بمجموع قدره ثلاثون الف حاج عراقي ز بموجب العقد الموقع بين الطرفين و رسالة التعهد.

قام موكلنا بتهيئة كافة المستلزمات الخاصة و حسب بنود العقد بتهيئة الطائرات و الحجوزات و كافة الوسائل و المستمسكات و الشهادات المطلوبة على أن يقوم رئيس هيئة الحج بدفع 20% من المبلغ المستحق من العقد إلا  عند توقيع العقد و ايداعها في أحد البنوك و حسب نص المادة\ أنه لم يسدد لموكلنا النسبة أعلاه خلال أسبوع من توقيع العقد رغم المطالبة إضافة الى أن موكلنا قد نفذ طلبات وزارة الخارجية بتقديم أوراق الصلاحية للطيران وأوراق الطاقم و وثيقة تأمين الركاب و تم تنفيذ ذلك إلا أن الهيئة العليا لم تلتزم ببنود العقد و تمت إحالة العقد إلى جهة أخرى  و بأسعار أعلى دون الرجوع الى موكلي و لتضرر موكلنا من الناحية المادية التي بلغت حوالي ثلاثون مليون دولار أمريكي نتيجة التزامه مع شركات الطيران الأجنبية و المستأجرة أضافة الى أجور المطارات التي تستخدمها الطائرات و التأمين و الطواقم و غيرها و بالنظر الى عدم التزام المدعى عليهم ببنود العقد و أحكامه و المتعلقة بالانتشار مع موكلي عند الضرورة أو اللجوء إلى التحكيم.

مما تقدم نطلب من المحكمة دعوة المدعى عليهم و الحكم بفسخ العقد و

1

and a deposit in banks and in accordance with Article (13) of the contract but not paid for our client ratio above within a week of signing the contract despite the claim in addition to that my client had been carried out orders of the Ministry of Foreign Affairs to submit papers airworthiness and leaves the crew, and insurance of passengers and was done only to the supreme body did not comply with the terms of the contract and were referred contract to the other and at higher prices without reference to my client and for damage to our client in terms of material, which amounted to about thirty million dollars a result of his commitment with foreign airlines and charter added to the wages of airports used by aircraft, insurance, staff and others and given the lack of commitment by the defendant them the terms of the contract and its provisions and on consultation with my client, if necessary, recourse to arbitration.

From the above we ask the court to call the defendants and the government cancel the contract and compensation for damage caused to our client, which is estimated at about thirty million dollars can be increased and according to the experts' report on the basis of paragraph (12) of the terms of the contract and the fact that the Iraqi judiciary is competent to resolve dispute and hold them all fees and expenses and attorneys' fees.

High Court and the thanks and appreciation

Supporting reasons:

1 - the contract

2 - a pledge

3 - other archives and legal data

Refat Abul Hosn , CIF International

His general agent, attorney Ahmed Wahib Razzooki

التعويض عن الضرر الذي أصاب موكلنا و الذي يقدر بحوالي ثلاثون مليون دولار أمريكي قابلة للزيادة و حسب تقرير الخبراء استنادا الى الفقرة (15) من بنود العقد و ذلك كون القضاء العراقي هو المختص لحسم الخلاف و تحميلهم كافة الرسوم و المصاريف و أتعاب المحاماة.

و للمحكمة فائق الشكر و التقدير

الأسباب الثبوتية:

1 ― العقد

2 ― رسالة التعهد

3 ― سائر المستمسكات و البيانات القانونية

رفعت أبو الحسن شركة سي أي أف انترنشنال

وكيله العام المحامي أحمد وهيب رزوفي

Federal Court of Cassation

Issue: 231 \ Authority extended the First Civil \ 2012 T 336

Formed body extended the First Civil Court deals available federal dated 6 \ Muharram \ 1434 Hijri and corresponding 21 \ 11 \ 2012 headed by Vice President Mr. guarantor Khcalh and membership judges gentlemen Adnan Abdul-Hussein and Ismail Khalil Jassem David and Abdul Qader Mohammed and Saleh Shamkhi and slaves Nile, Muthana Ahmed Fattah full veil Ibrahim and Hassan Mahmoud Muwaffaq Ali authorized the elimination on behalf of the people and issued the following resolution:

Premier \ lifted Fouad Abu Hassan \ director Saif International \ his attorney Ahmad Wahib Rezouki

Distinctive \ Prime Minister \ former Chairman of the Governing Council \ addition to his job

Claimed Deputy Prosecutor (rose Fuad Abu Hassan) at the Court of first instance specialized business  litigation tha his client and that contracted with Chairman of the Hajj in 3 \ 1 \ 2004 and affiliated to the previous ruling Council at the time the transfer of Iraqi pilgrims to the Holy Mosque aircraft flown a total of (thirty thousand Iraqi pilgrims) and under the contract signed between the parties and a pledge and where his client to create all supplies for and by the terms of the contract of creating aircraft and booking and has been the execution of requests and the Foreign Ministry to submit papers airworthiness and Insurance Policy passengers but the supreme body did not abide by the terms of contracts and the contract was forwarded to the other hand and at higher prices without reference

مجلس القضاء الأعلى

محكمة التمييز الإتحادية

العدد: 231 \ الهيئة لموسعة المدنية الأولى \ 2012 ت 336

تشكلت الهيئة الموسعة المدنية الأولى في محكمة المييز الاتحادية بتاريخ 6\محرم\1434 هجري و الموافق21\11\2012 برئاسة نائب الرئيس السيد ضامن خشالة و عضوية القضاة السادة عدنان عبد الحسين و اسماعيل خليل و جاسم داود و عبد القادر محمد و صالح شمخي و عبيد نايل و مثنى احمد و فتاح كامل و حجاب ابراهيم و حسن محمود و موفق علي المأذونين بالقضاء باسم الشعب و أصدرت القرار الآتي :

المميز \ رفعت فؤاد أبو الحسن \ مدير شركة سيف انترناشيونال \ وكيله المحامي احمد وهيب رزوقي

المميز عليه \ رئيس مجلس الوزراء \ رئيس مجلس الحكم السابق \ اضافة لوظيفته

ادعى وكيل المدعي (رفعت فؤاد أبو الحسن ) لدى محكمة البداءة المتخصصة بالدعاوى التجارية بان سبق لموكله و ان تعاقد مع رئيس الهيئة للحج في 3\1\2004 و التابعة الى مجلس الحكم سابقا في حينه بنقل الحجاج العراقيين الى بيت الله الحرام بالطائرات جوا بمجموع (ثلاثون ألف حاج عراقي) و بموجب العقد الموقع بين الطرفين و رسالة التعهد و حيث قام  موكله بتهيئة كافة المستلزمات الخاصة و حسب بنود العقد المتمثلة بتهيئة الطائرات و الحجوزات و قد تم تنفيذ طلبات وزارة الخارجية بتقديم أوراق الصلاحية للطيران و وثيقة تأمين الركاب إلا أن الهيئة العليا لم تلتزم ببنود العقود و تم إحالة العقد إلى جهة أخرى و بأسعار أعلى دون الرجوع الى موكله و قد الحق به اضرار قدرت بمبلغ (ثلاثون مليون دولار امريكي) نتيجة التزامه مع شركات الطيران الأجنبية. لذا طلب دعوة المدعى عليهما \ إضافة لوظيفتهما (رئيس مجلس

to his client has the right to damage estimated at $ (thirty million U.S. dollars) as a result of its commitment with foreign airlines. So request an invitation defendants \ Add to function (Prime Minister \ Governing Council previously and head of the Hajj and Umrah) Advocacy and governance termination of the contract and compensation for the damage done to his client, which is estimated (thirty million U.S. dollars) and holding them all expenses.

Court mentioned on 7 \ 2 \ 2012 and number 90 \ b \ 2012 judgment in his presence against the first defendant spends cold case prosecutor for not directed rivalry and loaded expenses and fees Advocates for Under Secretary first defendant rights (Shaima cream) an amount (one hundred and fifty thousand dinars) and sentenced in absentia against the second defendant. Stabbed and Deputy Prosecutor appealed the decision of the ruling primitive a dissolution Baarbth student of 20 \ 2 \ 2012. Court of Appeals issued a Federal Baghdad Rusafa on 15 \ 7 \ 2012 and number 470 \ o \ 2012 ruling presence serving government support to the primitive judgment of the court of first instance specialized commercial litigation number 9 \ b \ 2012 and 7 \ 2 \ 2012 and Re appellate appeal and causes and download the appellant \ Prosecutor \ all expenses and attorneys' fees to the Under the first defendant comprehensive to litigation initially and appealed. agent challenged appellate decision of the prosecutor's asking undone by the petition dated 7 \ 8 \ 2012.

Decision

The scrutiny and debate by the body the first Civil expanded federal appeals court found that the

الوزراء\مجلس الحكم سابقا و رئيس هيئة الحج و العمرة) للمرافعة و الحكم بفسخ العقد و التعويض عن الضرر الذي أصاب موكله و الذي يقدر (ثلاثون مليون دولار أمريكي) و تحميلهما كافة المصاريف.

أصدرت المحكمة المذكورة بتاريخ 7\2\2012 و بعدد 90\ب\2012 حكما حضوريا بحق المدعى عليه الأول يقضي برد دعوى المدعي لعدم توجه الخصومة و تحميله المصاريف و أتعاب محاماة لوكيلة المدعى عليه الأول الحقوقية (شيماء كريم) مبلغا مقداره (مائة وخمسون ألف دينار ) و حكما غيابيا بحق المدعى عليه الثاني. طعن وكيل المدعي استئنافا بقرار الحكم البدائي طالبا فسخه بعريضته المؤرخة 20\2\2012 . أصدرت محكمة استئناف بغداد الرصافة الإتحادية بتاريخ 15\7\2012 و بعدد 470\س\2012 حكما حضوريا يقضي الحكم بتأييد الحكم البدائي الصادر من محكمة البداءة المتخصصة بالدعاوى التجارية بعدد 9\ب\2012 و تاريخ 7\2\2012 و رد الطعن الإستئنافي و اسبابه و تحميل المستأنف \ المدعي \ كافة المصاريف و أتعاب المحاماة لوكيل المدعى عليه الأول شاملة لمرحلتي التقاضي بداءة و استئنافا. طعن وكيل المدعي بقرار الحكم الإستئنافي طالبا نقضه بعريضته المؤرخة 7\8\2012.

القرار

لدى التدقيق و المداولة من قبل الهيئة الموسعة المدنية الأولى في محكمة التمييز الإتحادية وجد أن الطعن التمييزي مقدم ضمن المدة القانونية قرر قبوله شكلا و لدى النظر في الحكم المميز و جد أنه صحيح لموافقته لأحكام القانون فيما انتهى اليه. ذلك لأن أمر سلطة الإئتلاف المؤقتة المرقم 100 لسنة 2004 نص على انه بعد انتقال السلطة الى حكومة عراقية مؤقتة تنتقل مهمام المدير الإداري في سلطة الإئتلاف الى رئيس الوزراء و مهام مجلس الحكم الى مجلس الوزراء و لوحظ أن نقل المهام في الأمر المذكور جاء بشكل مطلق ولذا فان خصومة

appeal is submitted within the period discriminatory legal acceptance form and decided to consider the distinctive governance and it's true for conforming to the provisions of the law ended up. Because CPA Order No. 100 for the year 2004 stipulated that after the transfer of power to an interim Iraqi government transfer the functions of Managing Director of CPA to the Prime Minister and the functions of the Governing Council to the Council of Ministers and noted that the transfer of tasks in the Ordinance came absolutely and therefore adversarial defendant the plaintiff in the case presented in this case is realized and accepted based on what came thing mentioned, where upheld the court that the contract merits has not been implemented due to the intervention the U.S. side and through what came a letter Prosecutor dated 3 \ 3 \ 2004 addressed to Chairman of the Hajj Committee, which is the impossibility of implementation have arisen as to why foreign no hand for me it when making a request for compensation is unlikely based as required by the provisions of Article (168) of the Civil Code and request annulment is also out of the question legally where you can not imagine having prejudice the part of the defendant with the availability of foreign cause, which would have required the dismissal and where the court ruled a mistrial for other reasons, the judgment unique to have come true in terms of the outcome. It decided to believe from this side and discriminatory response objections and download distinctive draw a distinction issued resolution in the 6 \ January \ 1434 Hijri, corresponding to 21 \ 11 \ 2012 AD

Guarantor Khcalh

المدعى عليه للمدعي في الحالة المعروضة في هذه الدعوى تعتبر متحققة و مقبولة استنادا لما جاء بالأمر المذكور , حيث تأيد للمحكمة أن العقد موضوع الدعوى لم يتم تنفيذه بسبب تدخل الجانب الأمريكي و ذلك من خلال ما جاء برسالة المدعي المؤرخة 3\3\2004 الموجهة الى رئيس لجنة الحج مما تكون استحالة التنفيذ قد نشأت عن سبب أجنبي لا يد للمعى عليه فيه مما يكون طلب التعويض غير وارد استنادا لما تقضي به أحكام المادة (168) من القانون المدني و طلب الفسخ هو الآخر غير وارد قانونا حيث لا يمكن أن نتصور وجود إخلال من جانب المدعى عليه مع توفر السبب الأجنبي مما كان يتطلب رد الدعوى و حيث قضت المحكمة برد الدعوى للأسباب أخرى فان حكمها المميز يكون قد جاء صحيحا من حيث النتيجة. عليه قرر تصديقه من هذا الجانب و رد الإعتراضات التمييزية و تحميل المميز رسم التمييز و صدر القرار بالاتفاق في 6\محرم\1434 هجري الموافق 21\11\2012 ميلادي

ضامن خشالة

نائب رئيس محكمة التمييز الإتحادية

| Vice Chairman of the Federal Court of Cassation | |
|---|---|

العدد:۲۳۱/ الهيئة الموسعة المدنية الاولى/۲۰۱۲

ت: ۳۳۱

جمهورية العراق

مجلس القضاء الأعلى

محكمة التمييز الاتحادية

تشكلت الهيئة الموسعة المدنية الاولى في محكمة التمييز الاتحادية بتـاريخ۲/محـرم/۱٤۳٤ هـــ المـوافــق ۲۰۱۲/۱۱/۲۱م برئاسة نائب الرئيس السيد ضمان خشلة وعضوية القضاة السادة عدنان عبدالحسين واسماعيل خليل ومجاس داود وجعافر محمد وصالح شمخي وعبد نايل ومثنى احمد وفتاح كامل وجهاد ابراهيم وحسـن محمود وموافق على المضمون بالاضافة بأسم الشعب وأصدرت القرار الآتـي :-

المميز/رفعت فؤاد ابوالحسن/مدير شركةGIFانترناشيونالكاله المحامي احمد وهب رزوقي

المميز عليه/رئيس مجلس الوزراء/رئيس مجلس الحكم السابق/ اضافة لوظيفته

ادعى وكيل المميز/ان رفعت فؤاد ابوالحسن )لدى محكمة البداءة المتخصصة بالدعاوى التجارية بان سبق لموكله و ان تعاقد مع رئيس الهيئة الحجية في۲۰۰٤/۱/۳والكتابة الى مجلس الحكم سابقاً في حينه بنقل الدجاج العراقيين الى بيت الله الحرام بالطائرات جواً بموجبهذاالقانون الذ مدع عراقي)ويموجب عقد الموقع بين الطرفين ورسالة التعهد وحيث قام موكله بتهيئة كافة المستلزمات الخاصة وحسب بنود العقد المتفقة بتهيئة الطائرات والمعوزات وقد تم تلقيا طلبات وزارة الخارجية بتقديم اوراق الصلاحية للطيران ووثيقة تأمين الركاب الا ان الهيئة العليا لم تلتزم ببنود العقد وتم احالة العقد الى جهة اخرى وبأسعار اخرى دون الرجوع الى موكله وقد لحق به اضرار قدرت بمبلغ)ثلاثون مليون دولار امريكي/بقيمة التزامه مع شركات الطيران الاجنبية/لذا طلب دعوة المدعى عليهم/اضافة لوظائفهم/رئيس مجلس الوزراء/ومجلس الحكم سابقاً ورئيس هيئة الحج والعمرة/للمرافعة والحكم بفسخ العقد والتعويض عن الضرر الذي لحق باسباب موكله والذي يقدر)ثلاثون مليون دولار امريكي)وتحميلهما كافة المصاريف. اصدرت المحكمة المنكورة بتاريخ۲۰۱۲/۲/٤حكماً حضورياً بحق المدعى عليه الاول يقضي برد دعوى المدعى لحم توجه الخصومة وتحميله المصاريف واتعاب محاماة لوكيلة المدعى عليه الاول الطاولاير( شياء عريم)مبلغا مقدار)مئة وخمسون الف دينار)وحكماً غيابياً بحق المدعى عليه الثاني)طعن وكيل المدعي استئنافاً بقرار الحكم البدائي طالباً فسخه بعريضته المؤرخة۲۰۱۲/۲/۲۰.اصدرت محكمة استئناف بغداد الرصافة الاتحادية بتاريخ۲۰۱۲/۷/۱۰ ويعدد٤۷۰/س/۲۰۱۲حكماً حضورياً يقضي الحكم بتأييد الحكم البدائي الصادر من محكمة البداءة المتخصصة بالدعاوى التجارية بعدد۹/ب/۲۰۱۲وبتاريخ۲۰۱۲/۲/۲ورد الطعن الاستئنافي ولسببه وتحميل المستأنف/المدعي/كافة المصاريف واتعاب المحاماة لوكيل المدعى عليه الاول شاملة لمرحلتي التقاضي بداءة واستئنافاًطعن وكيل المدعي تمييزاً بقرار الحكم الاستئنافي طالباً نقضه بعريضته المؤرخة۲۰۱۲/۸/۷.

القــــرار

۰۰۰۰۰۰۰۰/لدى التدقيق والمداولة من قبل الهيئة الموسعة المدنية الاولى في محكمة التمييز الاتحادية وجد ان الطعن التمييزي مقدم ضمن المدة القانونية قرر قبوله شكلاً ولدى النظر في الحكم المميز وجد انه صحيح لموافقته

ضمان خشلة

نائب رئيس محكمة التمييز الاتحادية



جمهورية العـــراق
مجلس القضاء الأعلى
محكمة التمييز الاتحادية

العدد:٢٣١/ الهيئة الموسعة المدنية الاولى /٢٠١٢
ت: ٣٣٦

---ص(٢)---

أحكام القانون فيما انتهى إليه ذلك لأن أمر سلطة الائتلاف المؤقتة المرقم ١٠٠ السنة ٢٠٠٤نص على انه بعد انتقال السلطة الى حكومة عراقية مؤقتة تنتقل مهام المدير الإداري في سلطة الائتلاف الى رئيس الوزراء ومهام مجلس الحكم الى مجلس الوزراء ولوحظ ان نقل المهام في الأمر المذكور جاء بشكل مطلق ولذا فان خصومة المدعى عليه للمدعي في الحالة المعروضة في هذه الدعوى تعتبر متحققة ومقبولة استناداً لما جاء بالأمر المذكور.حيث تؤيد للمحكمة ان لعقد موضوع الدعوى لم يتم تنفيذه بسبب تدخل الجانب الأمريكي وذلك من خلال ما جاء برسالة المدعي المؤرخة ٢٠٠٤/٣/٣ الموجهة الى رئيس لجنة الحج مما تكون استحالة التنفيذ قد نشأت عن سبب اجنبي لا بد للمدعى عليه فيه مما يكون طلب التعويض غير وارد استناداً لما تقضي به أحكام المادة(١٦٨)من القانون المدني وطلب الفسخ هو الآخر غير وارد قانوناً حيث لا يمكن ان نتصور وجود إخلال من جانب المدعى عليه مع توفر السبب الأجنبي مما كان يتطلب رد الدعوى وحيث قضت المحكمة برد الدعوى للأسباب أخرى فان حكمها المميز يكون قد جاء صحيحاً من حيث النتيجة.عليه قرر تصديقه من هذا الجانب ورد الاعتراضات التمييزية وتحميل المميز رسم التمييز وصدر القرار بالاتفاق في ٦/محرم/١٤٣٤هـ الموافق٢٠١٢/١١/٢١م.

ضامن خشالة
نائب رئيس محكمة التمييز الاتحادية

١١/١٧١

Lawyer Ahmad Wahib Rezouki

Mr. President of the Court of Cassation esteemed

By the esteemed President of the Federal Appellate Body in Baghdad Rusafa

Demanded correction: Refat Fouad Abul Hosn \ director CIF International

Required correction against him \ Mr. Prime Minister (the former Governing Council) \ Add function

The decision correction side

the First Civil extended body with your esteemed court Issued resolution of 21 \ 11 \ 2012 includes decision to ratify the decision of the Court of Appeal Rusafa No. 470 \ o \ 2012 in terms of the result and the fact that the decision is contrary to the law initiated to correct it at your esteemed court for the following reasons:

1: The Article 168 of the Civil Code explicit and clear in the impossibility of implementation due to foreign reason beyond the control of the contractors with the knowledge that the foreign reason is the American side, which is considered the power and is the ruling power represented by the power coalition and this shows there was no foreign reason to prevent the execution of the contract that pledge message of the contract directed to my client. was a member of the Hajj is the American side as shown in the pledge message, which was a copy of it to the American side represented by Mr. Jim Hoffman this indicates there was no foreign reason prevents impossibility implementation with the knowledge that loss of will due to a foreign

المحامي احمد وهيب رزوقي

السيد رئيس محكمة التمييز المحترم

بواسطة السيد رئيس الهيئة الإستئنافية في بغداد الرصافة الاتحادية المحترم

طالب التصحيح : رفعت فؤاد أبو الحسن \ مدير شركة سيف انترناشيونال

المطلوب التصحيح ضده \ السيد رئيس مجلس الوزراء (مجلس الحكم سابقا) \ إضافة لوظيفته

جهة تصحيح القرار

أصدرت الهيئة الموسعة المدنية الأولى لدى محكمتكم الموقرة قرارها المؤرخ في 21\11\2012 يتضمن قرار تصديق قرار محكمة الإستئناف الرصافة المرقم 470\س\2012 من حيث النتيجة و لكون القرار مخالف للقانون بادرت الى تصحيحه لدى محكمتكم الموقرة للأسباب التالية :

1: إن المادة 168 من القانون المدني صريحة و واضحة في استحالة التنفيذ بسبب أجنبي خارج عن إرادة المتعاقدين مع العلم ان السبب الأجنبي هو الجانب الأمريكي الذي يعتبر السلطة و هو السلطة الحاكمة و المتمثلة بسلطة الإئتلاف و هذا يدل بعدم و جود سبب أجنبي يمنع استحالة التنفيذ للعقد حيث أن رسالة التعهد الخاصة بالعقد و الموجهة الى موكلي و الذي كان أحد أعضاء هيئة الحج هو الجانب الأمريكي كما هو مبين في رسالة التعهد و التي كانت نسخة منه الى الجانب الأمريكي و المتمثلة بمستر جيم هفمان و هذا يدل بعدم و جود سبب أجنبي يمنع استحالة التنفيذ مع العلم بأن فقدان الإرادة بسبب أجنبي لغرض استحالة التنفيذ يكون غير متوقع و العكس هو وجود الجانب الأمريكي.

reason for the purpose of the impossibility of implementation is not expected and opposite is the presence of the American side.

2: In the same period, which has been reported to my client not to carry out the obligations of the contract,  contract was referred and approval of both parties (hand foreign and of side the U.S. with Hajj Committee referred the contract to another contractor and at higher price than the price of my client, which indicates the existence of the will of the impossibility of implementation and of foreign reason (U.S. side)

3: The resulting response the Court of Appeal in its decision in the case 470 \ s \ 2012 was based on the lack of direct rivalry and that has been proven in your esteemed court that rivalry is realized necessitating dissolution judgment and re-claim to the Court of Appeals to consider the case for proof of damage or not knowing Previously that your esteemed court in its discriminatory resolution No. 994 \ resume Moved \ 2006 in 27 \ 2 \ 2007 and in the case of Appeal 300 \ Q \ 2006 included the dissolution judgment technically and oblige the competent court whether the damage or not and Court proceeded with procedures and refer the matter to the experts then decided mistrial no directed rivalry and is the same reason in this case and from the above the Article 168 of the Civil Code for non-compliance to the implementation of the contract by Hajj Committee of the Governing Council then governance requires compensation for the damage done to my client because of the lack fulfill the terms of the contract, which provides for no foreigner reason in the impossibility of performance of the contract ask your court justice esteemed dissolution

2: في نفس الفترة التي تم إبلاغ موكلي على عدم تنفيذ التزامات العقد تم احالة العقد و موافقة الطرفين ( اليد الأجنبي و المتمثلة بالجانب الأمريكي مع لجنة الحج بإحالة العقد الى متعهد آخر و بأعلى سعر على سعر موكلي مما يدل على وجود إرادة في استحالة التنفيذ و المتمثلة بسبب الأجنبي (الجانب الأمريكي)

3: إن الرد الحاصل لمحكمة الإستئناف في قرارها في الدعوى 470\س\2012 كان مبنيا على عدم توجه الخصومة و الذي ثبت لدى محكمتكم الموقرة بأن الخصومة متحققة مما يستوجب فسخ الحكم و إعادة الدعوى الى محكمة الإستئناف بالنظر في الدعوى لإثبات الضرر من عدمه مع العلم سبق لمحكمتكم الموقرة و في قرارها التمييزي المرقم 994\ استئناف منقول \2006 في 27\2\2007 و في الدعوى الإستئنافية 300\س\2006 تضمن فسخ الحكم من الناحية الشكلية و إلزام المحكمة المختصة فيما إذا حصل الضرر من عدمه و سارت المحكمة في إجراءاتها و إحالة الموضوع الى الخبراء ثم قررت برد الدعوى بعدم توجه الخصومة و هو نفس السبب في هذه الدعوى و مما تقدم فأن المادة 168 من القانون المدني لعدم الإلتزام بتنفيذ العقد من قبل لجنة الحج التابعة لمجلس الحكم آنذاك يتطلب الحكم بالتعويض عن الضرر الذي أصاب موكلي بسبب عدم الوفاء بنود العقد مما تقدم و لعدم وجود سبب أجنبي في استحالة تنفيذ العقد نطلب من عدالة محكمتكم الموقرة فسخ الحكم و الحكم لموكلي بالتعويض عن الضرر الفادح و الذي لحق بموكلي نتيجة عدم الإلتزام بالعقد من قبل لجنة الحج و التابعة لمجلس الحكم.

و لمحكمتكم الموقرة فائق الشكر و التقدير

طالب التصحيح

وكيله المحامي أحمد وهيب رزوقي

2013\3\5

judgment and judgment for my clients gross compensation for the damage inflicted on my client result of non-compliance to the contract by the Hajj Committee of the Governing Council.

And to your esteemed court thanks and appreciation

Demanded correction

His attorney Ahmad Wahib Rezouki

5 \ 3 \ 2013



*Lawyer*
*Ahmed Wheab Rzoki*

المحامي
أحمد وهيب رزوقي

### استشــارات قانونيــــة – وكيل تسجيل شركات
٠٧٩٠١٧٧٨٥٢٩

السيد رئيس محكمة التمييز المحترم ...

بواسطة السيد رئيس الهيئة الأستئنافية في بغداد الرصافة الأتحادية المحترم

طالب التصحيح :- رفعت فؤاد أبو الحسن / مدير شركة CIF أنترنشنل

المطلوب التصحيح ضده / السيد رئيس مجلس الوزراء ( مجلس الحكم سابقاً )/ إضافة لوظيفته

جهة تصحيح القرار

لصدرت الهيئة الموسعة المدنية الأولى لدى محكمتكم الموقرة قرارها المؤرخ في ٢٠١٢/١١/٢١ يتضمن قرار تصديق قرار محكمة الأستئناف الرصافة المرقم ٤٧٠ /س/ ٢٠١٢ من حيث النتيجة ولكون القرار مخالف للقانون بادرت الى تصحيحه لدى محكمتكم الموقرة للأسباب التالية :-

١. إن المادة ١٦٨ من القانون المدني صريحه وواضحه في أستحالة التنفيذ بسبب أجنبي خارج عن إرادة المتعاقدين  مع العلم إن السبب الأجنبي هو الجانب الأمريكي الذي يعتبر السلطة  وهو السلطة الحاكمة والمتمثلة بسلطة الأئتلاف وهذا يدل بعدم وجود سبب أجنبي  يمنع أستحالة التنفيذ للعقد حيث أن رسالة التعهد الخاصة بالعقد والموجهة الى موكلي والذي كان أحد أعضاء هيئة الحج هو الجانب الأمريكي كما هو مبين في رسالة التعهد والتي كانت نسخة منه الى الجانب الأمريكي والمتمثلة بمستر جيم هفمان وهذا يدل بعدم وجود سبب أجنبي يمنع أستحالة التنفيذ  مع العلم بأن فقدان الأرادة بسبب أجنبي لغرض أستحالة التنفيذ يكون غير متوقع والعكس هو وجود الجانب الأمريكي .

٢. في نفس الفترة التي تم أبلاغ موكلي على عدم تنفيذ ألتزامات العقد تم أحالة العقد وموافقة الطرفين ( اليد الأجنبي والمتمثلة بالجانب الأمريكي مع لجنة الحج بأحالة العقد الى متعهد آخر وبأعلى سعر على سعر موكلي مما يدل على وجود إرادة في أستحالة التنفيذ والمتمثلة بالسبب الأجنبي ( الجانب الأمريكي)

ـ١ـ





Lawyer
**Ahmed Wheab Rzoki**

المحامي
**أحمد وهيب رزوقي**

**أستشــارات قانونيـــة – وكيل تسجيل شركات**
**٠٧٩٠١٧٧٨٥٢٩**

٣. إن الرد الحاصل لمحكمة الأستئناف في قرارها آتي في الدعوة ٤٧٠ /س/ ٢٠١٢ كان مبنياً على عدم
توجه الخصومة والذي ثبت لدى محكمتكم الموقرة بأن الخصومة متحققة مما يستوجب فسخ الحكم
وإعادة الدعوة الى محكمة الأستئناف بالنظر في الدعوة لإثبات الضرر من عدمه مع العلم سبق
لمحكمتكم الموقرة وفي قرارها التمييزي المرقم ٩٩٤ / أستئناف منقول / ٢٠٠٦ في ٢٠٠٧/٢/٢٧
وفي الدعوة الأستئنافية ٣٠٠/س/٢٠٠٦ تضمن فسخ الحكم من الناحية الشكلية والزام المحكمة المختصة
فيما اذا حصل الضرر من عدمه وسارت المحكمة في إجراءاتها وأحالة الموضوع الى الخبراء ثم
قررت برد الدعوى بعدم توجه الخصومة وهو نفس السبب في هذه الدعوة ومما تقدم فأن المادة ١٦٨
من القانون المدني لعدم الألتزام بتنفيذ العقد من قبل لجنة الحج التابعة لمجلس الحكم آنذاك يتطلب الحكم
بالتعويض عن الضرر الذي أصاب موكلي بسبب عدم الوفاء بنود العقد مما تقدم ولعدم وجود سبب
أجنبي في أستحالة تنفيذ العقد نطلب من عدالة محكمتكم الموقرة فسخ الحكم والحكم لموكلي بالتعويض
عن الضرر الفادح والذي لحق بموكلي نتيجة عدم الألتزام بالعقد من قبل لجنة الحج والتابعة لمجلس
الحكم

ولحكمكم الموقرة فائق الشكر والتقدير .....

طالب التصحيح

وكيله المحامي / أحمد وهيب رزوقي



# CIVIL COVER SHEET

(613 RI)

| (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Abul Hosn , Refaat , F. | U . S . Government  " et la " |

**(b)** County of Residence of First Listed Plaintiff ___Wayne___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____

Case: 2:16-cv-11651
Judge: Edmunds, Nancy G.
MJ: Patti, Anthony P.
Filed: 05-03-2016 At 12:15 PM
CMP Refaat F. Abul Hosn v U.S. Government, et al (LG)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**Admiralty**
- [ ] 120 Marine (Other)
- [ ] 340 Marine(Injury to Seamen)

**Admin/Agency Appeals Other**
- [ ] 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- [ ] 422 Appeal 28 U.S.C. § 158
- [ ] 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- [ ] 140 Negotiable Instruments
- [ ] 430 Banks and Banking

**Business and Commercial**

**Anti-trust**
- [ ] 410 Anti-Trust

**Construction Contracts**
- [ ] 130 Miller Act
- [ ] 190 Other Contracts

**Securities Law & Stockholder Suits**
- [ ] 160 Stockholders' Suits
- [ ] 850 Securities/ Commodities/ Exchange

**Other - Business/Comm.**
- [ ] 196 Franchise
- [ ] 890 Cable/Satellite TV

**Consumer Credit**
- [X] 190 Other Contracts
- [ ] 371 Truth in Lending
- [ ] 480 Consumer Credit

Breach of Contract

**Constitutional Law**
- [ ] 950 Constitutionality of State Statutes
- [ ] 440 Other Civil Rights (Constitutionality of Federal Statues)

**Elections and Voting**
- [ ] 400 State Reapportionment
- [ ] 441 Voting

**Other - Civil Rights**
- [ ] 440 Other Civil Rights
- [ ] 443 Housing/ Accommodations
- [ ] 446 Americans with Disabilities
- [ ] 448 Civil Rights- Education

**Copyright & Trademark (Intellectual Property)**
- [ ] 820 Copyright
- [ ] 840 Trademark

**Employment Discrimination**
- [ ] 442 Employment
- [ ] 445 Americans with Disabilities- Employment
- [ ] 440 Other -Civil Rights

**ERISA**
- [ ] 791 Employment Ret. Inc. Security Act

**Other Employment Benefits**
- [ ] 190 Other - Contract
- [ ] 442 Other - Employment

**Environmental Law**
- [ ] 893 Environmental Matters

**Immigration**
- [ ] 462 Naturalization App.
- [ ] 465 Other Immigration Actions

**Indian Law**
- [ ] 890 Other Statutory Actions

**Insurance**
- [ ] 110 Insurance Contract

**Labor and Occupational Safety**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations Act
- [ ] 740 Railway Labor Act
- [ ] 751 Labor: Family and Medical Leave Act
- [ ] 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excluding Veterans)
- [ ] 153 Recovery of Overpayment of Veterans' Benefits
- [ ] 370 Other Fraud
- [ ] 375 Other Statutes: False Claims Act
- [ ] 440 Other Civil Rights (Immigration/Deportation)
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 625 Drug related seizure of property

*CONTINUED ON REVERSE SIDE*

**Miscellaneous Civil Cases Continued**
- [ ] 690 Other (Forfeiture/Penalty)
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party (26 U.S.C. § 7609)
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 895 Freedom of Information Act
- [ ] 896 Other Statutes: Arbitration
- [ ] 899 Other Statutes: Admin. Procedures Act/Review/ Appeal of Agency Decision

**Patents (Intellectual Property)**
- [ ] 830 Patents

**Prisoner Petitions**

**HABEAS CORPUS**
- [ ] 463 Alien Detainee (Habeas)
- [ ] 510 Motions to Vacate Sentence (Habeas)
- [ ] 530 General (Habeas)
- [ ] 535 Death Penalty (Habeas)
- [ ] 540 Mandamus and Other
- [ ] 550 Civil Rights (1983)
- [ ] 555 Prison Conditions(1983)
- [ ] 560 Civil Detainee-Cond. of Confinement

**Real and Personal Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease and Ejectment
- [ ] 240 Torts to Land
- [ ] 290 All other Real Property
- [ ] 380 Other Personal Property Damage

**RICO**
- [ ] 470 RICO

**Social Security**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**Mass Torts**
- [ ] 360 Other Personal Injury

**Products Liability**
- [ ] 195 Contract Product Liability
- [ ] 245 Tort Product Liability
- [ ] 315 Airplane Product Liability
- [ ] 345 Marine Product Liability
- [ ] 355 Motor Vehicle Product Liability
- [ ] 365 Personal Injury Product Liability
- [ ] 385 Property Damage Product Liability

**Professional Malpractice**
- [ ] 362 Personal Injury - Med. Malpractice

**Motor Vehicle Accidents/Slip and Fall**
- [ ] 350 Motor Vehicles
- [ ] 360 Other Personal Injury

**Other Torts and Personal Injury incl. Asbestos cases**
- [ ] 310 Airplane
- [ ] 320 Assault, Libel and Slander
- [ ] 330 Federal Employers' Liability
- [ ] 360 Other Personal Injury (Fed. Tort Claims Act)
- [ ] 360 Other Personal Injury
- [ ] 367 Personal Injury: HealthCare/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury

**V. ORIGIN**   (Place an "X" In One Box Only)

☒1
Original
Proceeding

☐2
Removed from
State Court

☐3
Remanded from
Appellate Court

☒4
Reinstated or
Reopened

☐5
Transferred from
another district
(Specify)

☐6
Multidistrict
Litigation

☐7
Appeal to District Judge
From Magistrate Judgment

| **VI.  CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): |
| --- | --- |
| | # Breach of Contract |
| | Brief description of cause: |
| | ## C.P.A. ADMINISTRATION ,during the invasion of Iraq |

**VII.  REQUESTED IN
COMPLAINT**

☒ Check if this is a Class Action
Under F.R.C.P. 23

DEMAND $  30,000,000.00

JURY DEMAND:  ☐ Yes  ☒ No
(Check YES only if demanded in complaint)

**VIII.  RELATED CASE(S)
IF ANY**

JUDGE _____

DOCKET NUMBER _____

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

_APR. 26th, 2016_____

Date

_____

Signature of Attorney of Record

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint.  You must select only one nature of suit.

**VIII.**   RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

---

| FOR OFFICE USE ONLY | | | | |
| --- | --- | --- | --- | --- |
| Receipt # _____ | Amount _____ | Applying IFP _____ | Judge _____ | Mag. Judge _____ |

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☑ Two (2) completed **Civil Cover Sheets.**

☑ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_____ **3** _____ + 2 = _____ **5** _____ **Complaints.**

Received by Clerk: _____ Addresses are complete

Case:2:16-cv-11651
Judge: Edmunds, Nancy G.
MJ: Patti, Anthony P.
Filed: 05-03-2016 At 12:15 PM
CMP Refaat F. Abul Hosn v U.S. Gove
rnment, et al (LG)

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>**Clerk, U.S. District Court**<br><br>Received by Clerk: _____ Receipt # _____ | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br>Received by Clerk: _____ |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☒ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br>Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

*No Copies of Attachment*