UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT ABUL HOSN,

    Plaintiff,

v.

COLIN POWELL, U.S. SECRETARY OF
DEFENSE, and PAUL BREMER,
COALITION PROVISIONAL AUTHORITY
DIRECTOR,

    Defendants.
_____/

Case No.16-11651

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS [2] AND DISMISSING THE COMPLAINT**

Plaintiff Refaat Abul Hosn, proceeding without the benefit of counsel, filed this action against the former United States Secretary of Defense Colin Powell, and the former Coalition Provisional Authority Director Paul Bremer. According to the complaint, in or around January 2004, Plaintiff entered into a contract with the Iraqi Governing Council "to transport [] 3000 Iraqi pilgrims [f]rom Baghdad or Kuwait to Jeddah or Al Madina by aircraft." (Compl. ¶ 6). After performing under the agreement, Plaintiff maintains that Defendants "used political influence and coercion over the Iraqi officials" to persuade them to "unilaterally terminate" the contract. (Compl. ¶ 42). Plaintiff maintains that he suffered over $30 million in economic damages as a result of Defendants' nefarious behavior.

This is not the first time Plaintiff has attempted to initiate litigation against Defendants. In fact, Plaintiff filed suit against Bremer and Powell in 2007 and again in 2016. *See Hosn v. Bremer*, Case No. 07-10077 (E.D. Mich. Jan 3, 2007); *Hosn v. Powell*, Case No. 16-

11652 (E.D. Mich. May 3, 2016). Both cases, which appear to be based on substantially the same facts as those here, were dismissed on the court's own motion at the screening stage. Because Plaintiff has failed to assert a legally cognizable claim for relief, this Court must likewise dismiss his most recent complaint.

The Prison Litigation Reform Act ("PLRA") requires district courts to screen and dismiss, *inter alia*, complaints that fail to state a claim upon which relief may be granted. *Gunther v. Castineta*, 561 F. App'x 497, 498 (6th Cir. 2014) (citing 28 U.S.C. § 1915A(b)). "In reviewing a dismissal of a complaint for failure to state a claim, [the court] must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true." *Id. (*citing *Bennett v. McBride*, 67 Fed.Appx. 850, 853 (6th Cir. 2003). While the Court is mindful that a *pro se* litigant's complaint is held to "less stringent standards" than a complaint drafted by counsel, it must contain facts sufficient to show that a redressable legal wrong has been committed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

Here, the trouble for Plaintiff lies in the subject matter of his complaint. This Court is prohibited from adjudicating disputes involving so-called "political questions." As the Supreme Court has explained, the "political question" doctrine "speaks to an amalgam of circumstances in which courts properly examine whether a particular suit is justiciable—that is, whether the dispute is appropriate for resolution by courts." *Zivotofsky ex rel. Zivotofsky v. Clinton*, ––– U.S. –––, –––, 132 S.Ct. 1421, 1431, 182 L.Ed.2d 423 (2012) (Sotomayor, J., concurring). The doctrine is "essentially a function of the separation of

powers, . . . which recognizes the limits that Article III imposes upon courts and accords appropriate respect to the other branches' exercise of their own constitutional powers." *Id.* (citation omitted). For example, "[m]atters intimately related to foreign policy and national security are rarely proper subjects for judicial [review]." *Haig v. Agee*, 453 U.S. 280, 292 (1981). This is so because the "conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative-the 'political'-departments of the government." *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 302 (1918).

Intervening in the matters precipitating Plaintiff's complaint would run afoul of *Haig* and its progeny. Indeed, Plaintiff is clear that "during the invasion of Iraq . . . Mr. Colin Powell . . . harmed . . . business men like me." (Compl. ¶ 12). Similarly, Plaintiff states that Bremer "ratified the [unlawful] conduct of said Iraqi officials." (Compl. ¶ 41). In other words, Plaintiff's complaint is tethered to the foreign relations between our government and the Iraqi authorities. And the "propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." *Oetjen*, 246 U.S. at 302. For this reason, the Court must, and does, dismiss Plaintiff's complaint.

It is hereby ORDERED that Plaintiff's application to proceed in forma pauperis (Dkt. 2) is GRANTED and the case is DISMISSED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager